UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HERBERT O. CHADBOURNE, JR., )<br>                                )<br>      Plaintiff         )<br>                                )<br>     v.                       )<br>                                )<br>CUMBERLAND COUNTY DISTRICT )<br>COURT,                       )<br>                                )<br>      Defendant  )| 2:22-cv-00112-NT |

**RECOMMENDED DECISION AFTER REVIEW
OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Plaintiff asks this Court to enjoin the state court from entering a final judgment in a protection from harassment matter involving Plaintiff and one of his neighbors. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed a motion to proceed in forma pauperis, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that on April 4, 2022, he appeared in the State of Maine District Court for a hearing on his motion to dissolve a protection from harassment order entered against him. According to Plaintiff, a state court judge summarily dismissed the motion without permitting Plaintiff or his witnesses to speak. (Complaint ¶ 15.) Plaintiff alleges

the judge's actions constitute a violation of Plaintiff's substantive and procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661,

at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff commenced this action against the state district court, which is a state agency.  Plaintiff, therefore, has sued the State of Maine.  The State of Maine is immune from suit in this Court under the Eleventh Amendment of the United States Constitution.  The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested.  *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment.").  Plaintiff cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity.

Even if Plaintiff joined an individual in his or her official capacity as a defendant, Plaintiff cannot proceed on his claim in this Court.  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen,* 511 U.S. at 377 (citation omitted).  "A court is duty-

bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257. Because Plaintiff asks the Court to intervene in a state court civil proceeding to enjoin a final order of a state court judge, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to grant the relief Plaintiff seeks. *See Mills v. Calero*, No. 1:11-CV-00470-JAW, 2013 WL 12131588, at *6 (D. Me. Mar. 7, 2013) (concluding that the *Rooker-Feldman* doctrine barred plaintiff's challenge in federal district court to a state protection from abuse order). Accordingly, dismissal of the complaint is appropriate.[1]

---

[1] To the extent Plaintiff seeks to enjoin ongoing state court proceedings, as opposed to a final appealable order, the *Rooker-Feldman* doctrine would not apply, but the Court would still be required to decline the exercise of jurisdiction pursuant to the doctrine of abstention outlined in *Younger v. Harris*, 401 U.S. 37 (1971). *See Swanson v. S. Bos. Mun. Ct.*, No. CV 17-12308-PBS, 2017 WL 5892201, at *2 (D. Mass. Nov. 29, 2017) (concluding that *Younger* abstention barred plaintiff's challenge in federal district court to a state abuse protection order within ongoing state court proceedings).

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of May, 2022.